UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| A.H., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FRENCH, et al., )<br>)<br>Defendants. ) | Civil Action No. 2:20-cv-151-cr |

**MOTION FOR STAY OR, IN THE ALTERNATIVE, EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME School Defendants,[1] by and through their attorneys, McNeil, Leddy & Sheahan, P.C., and hereby move for a stay of this proceeding or, in the alternative, for an extension of time to respond to Plaintiffs' Motion for Summary Judgment. In support, School Defendants state as follows:

1. Pursuant to Fed R. Civ. P. 7(b)(1), School Defendants move for a stay in this case, pending resolution of a United States Supreme Court case that may obviate the need for the Court to resolve some or all the issues in this case.

2. Plaintiffs' First Amended Verified Complaint for Declaratory and Injunctive Relief in the above-captioned matter, filed on November 12, 2020 ("FAC"), alleges that the School Defendants have engaged in "unconstitutional religious discrimination" in violation of their First Amendment Free Exercise Rights and Fourteenth Amendment Equal Protection Rights, and the Diocese's First Amendment Free Speech Rights, through their administration of Vermont's town tuitioning program. ECF No. 16 ¶¶ 1, 317-383.

3. Plaintiffs FAC alleges, among other things, that School Defendants' administration of the program amounted to religious discrimination in violation of

---

[1] For purposes of this motion, "School Defendants" refers to the school districts' boards of school directors and superintendents.

   the Free Exercise Clause of the First Amendment under *Espinoza v. Montana Department of Revenue*, 140 S. Ct. 2246 (2020).  *See* FAC at ¶ 6.

4. On July 2, 2021, the United States Supreme Court granted certiorari to review the First Circuit's decision in *Carson v. Makin*, 979 F.3d 21 (1st. Cir 2020), *cert. granted*, 2021 WL 2742783 (U.S. July 2, 2021) (No. 20-1088). The question presented in *Carson*, as framed by the petitioners, is: "Does a state violate the Religion Clauses or Equal Protection Clause of the United States Constitution by prohibiting students participating in an otherwise generally available student-aid program from choosing to use their aid to attend schools that provide religious, or 'sectarian,' instruction?" *Carson v. Makin*, Petition for Writ of Certiorari, 2021 WL 495644, at *i (U.S.). *Carson* concerns claims substantially similar to claims in the present case.

5. As *Carson* will very likely bear on the resolution of some or all the claims in this case, School Defendants respectfully request this Court to stay this case pending resolution of *Carson*.

6. This stay would apply to all proceedings, obligations, and deadlines in this case, including, but not limited to, deadlines regarding: Rule 26 disclosures; discovery; and responses to Plaintiffs' Motion for Summary Judgement.

7. During the pendency of the Stay, School Defendants have agreed to pay the full tuition charged Plaintiffs' children to attend their chosen religious approved independent schools for the full 2021-22 school year without imposing "safeguards" or other restrictions that may or must be imposed on religious schools, or students attending religious schools, pursuant to *Chittenden Town School Dist. v. Department of Educ.*, 169 Vt. 310 (1999).  School Defendants may, however, make these tuition payments while reserving their right to condition or deny such payments in the future depending upon how this area of the law develops.

8. During the pendency of the stay, School Defendants will also pay the full tuition charged any qualified student attending their chosen religious approved independent school for the full 2021-22 school year without imposing "safeguards" or other restrictions that may or must be imposed on religious schools, or students attending religious schools, pursuant to *Chittenden Town*

*School Dist. v. Department of Educ.*, 169 Vt. 310 (1999).  School Defendants may, however, make these tuition payments while reserving the right to condition or deny such payments in the future depending upon how this area of the law develops.

9. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Second Circuit considers five factors in granting a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009).

10. Plaintiffs' interests will not be prejudiced by waiting for the resolution of *Carson* while they receive tuition for the 2021-22 school year.

11. Defendants will not be burdened by waiting for the resolution of *Carson*.

12. This Court's interest in judicial economy and minimizing conflicts between different courts would be best served by declining to resolve the case until *Carson* is decided.

13. The interests of nonparties, and the public interest, will be served by awaiting the outcome of a case that will likely have a substantial bearing both on this litigation and all similarly situated nonparties.

14. On September 15, 2021, Defendant French's counsel asked Plaintiffs' counsel whether or not he was interested in discussing a joint motion for stay similar to the stay entered in *Valente, et al. v. French et al.*, Docket No. 2:20-cv-135, Stipulated Order entered September 13, 2021 (ECF No. 97).  On September 21, 2021, Plaintiffs' counsel indicated that they were not interested in discussing a stay.

15. WHEREFORE, School Defendants respectfully request entry of an order staying the parties' obligations under Fed. R. Civ. P. 26 and staying any other proceedings, obligations, and deadlines in this case until the United States Supreme Court issues its decision in *Carson v. Makin*.

16. In the alternative, if a stay is not granted, School Defendants move pursuant to Fed R. Civ. P. 6(b)(1)(A), for a 30-day extension of time to respond to Plaintiffs' Motion for Summary Judgement filed September 21, 2021 (ECF No. 52). Plaintiffs' motion raises significant and substantive issues under both the U.S. and Vermont Constitutions that require the most thorough briefing.  The quality of such briefing will be improved with the granting of additional time.

17. On September 26, 2021, the undersigned asked Plaintiffs' counsel if he would consent to a 30-day extension to respond to their Moton for Summary Judgment. On September 28, 2021, Plaintiffs' counsel advised that they would stipulate to a 14-day extension only.

18. WHEREFORE, in the event a stay of this proceeding is not granted, School Defendants respectfully request a 30-day extension of time to file a response to Plaintiffs' Motion for Summary Judgment.

DATED at Burlington, Vermont this 7th day of October 2021.

                                              Respectfully Submitted,

BY:  /s/ William F. Ellis_
William F. Ellis, Esq.
A Member of the Firm
McNeil, Leddy & Sheahan, P.C.
271 South Union St.
Burlington, VT  05401
(802) 863-4531
wellis@mcneilvt.com
Attorneys for Defendants Michael Clark, in his official capacity as Grand Isle Supervisory Union Superintendent, the South Hero Board of School Directors, the Champlain Islands Unified Union School District Board of School Directors, James Tager, in his official capacity as Franklin West Supervisory Union Superintendent, and the Georgia Board of School Directors

c:     Thomas E. McCormick, Esq.
Paul Daniel Schmitt, Esq.
Ryan J. Tucker, Esq.
David A. Cortman, Esq.
Rachel Smith, Esq.