IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **A.H.**, by and through her parents and natural guardians, James Hester and Darlene Hester; **JAMES HESTER**, individually; **DARLENE HESTER**, individually; **E.R.**, by and through her parents and natural guardians, Chad Ross and Angela Ross; **CHAD ROSS**, individually; **ANGELA ROSS**, individually; **A.F.**, by and through her parents and natural guardians, Daniel Foley and Juliane Foley; **DANIEL FOLEY**, individually; **JULIANE FOLEY**, individually; **C.R.**, by and through her parents and natural guardians, Gilles Rainville and Elke Rainville; **GILLES RAINVILLE**, individually; **ELKE RAINVILLE**, individually; and the **ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT**,<br><br>   *Plaintiffs*,<br><br>v.<br><br>**DANIEL M. FRENCH**, in his official capacity as Secretary of the Vermont Agency of Education; **MICHAEL CLARK**, in his official capacity as Grand Isle Supervisory Union Superintendent; the **SOUTH HERO BOARD OF SCHOOL DIRECTORS**; the **CHAMPLAIN ISLANDS UNIFIED UNION SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS**; **JAMES TAGER**, in his official capacity as Franklin West Supervisory Union Superintendent; and the **GEORGIA BOARD OF SCHOOL DIRECTORS**,<br><br>   *Defendants*. | Case No. 2:20-CV-00151-cr |

**STIPULATED JUDGMENT**

Plaintiffs and Defendant French hereby AGREE and STIPULATE:

1. The Hester, Foley, Ross, and Rainville families and the Roman Catholic Diocese of Burlington brought this lawsuit alleging that Defendants violated their First and Fourteenth Amendment rights through exclusion from tuition benefits provided under Vermont statute. *See* 16 V.S.A. §§ 821-828.

2. The Vermont Supreme Court previously held that "a school district violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition for a sectarian school under § 822 in the absence of adequate safeguards against the use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999).

3. Plaintiffs allege that Defendants excluded them from tuition benefits because of the so called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4. The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violates the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012 (2017); *Espinoza v. Montana Department of Revenue*, 140 S.Ct. 2246 (2020).

5. The U.S. Supreme Court recently held that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6. The U.S. Supreme Court's *Carson* decision renders Vermont's adequate safeguards requirement unconstitutional.

7.	The Supreme Court's *Carson* decision prohibits the enforcement of the adequate safeguards standard to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

The Court hereby enters a Stipulated Judgment pursuant to the Parties' Final Settlement Agreement:

8.	Defendant French, his officers, agents, and assigns shall not enforce the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

9.	Defendant French, his officers, agents, and assigns shall not advise, direct, or provide guidance to school districts, approved independent schools, or the public that the adequate safeguards requirement may be enforced to exclude independent schools from tuition benefits.

10.	This Stipulated Judgment and the terms of the Parties' Final Settlement Agreement resolves all claims made by Plaintiffs against Defendant French in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against Defendant French based on the facts alleged in the First Amended Complaint.

11.	The Court reserves jurisdiction to enforce or modify this Stipulated Judgment. In the event that any party fails to comply with this Stipulated Judgment, any adverse Party may file a motion with this Court seeking enforcement of this Stipulated Judgment.

SO ORDERED on _____, 2022.

		_____
		Hon. Christina Reiss
		United States District Judge

IT IS SO AGREED AND STIPULATED.    IT IS SO AGREED AND STIPULATED.

By: _____         By: _____
Paul Schmitt                            Jaime Kraybill

On behalf of Plaintiffs A.H., James     On behalf of Defendant Daniel
Hester, Darlene Hester, E.R., Chad      French
Ross, Angela Ross, A.F., Daniel
Foley, Juliane Foley, C.R., Gilles      Dated: October 18, 2022
Rainville, Elke Rainville, and the
Roman Catholic Diocese of
Burlington, Vermont

Dated: October 14, 2022

3